In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00270-CR**
_____

**JEFFERY OLIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-11-14965-CR**

**MEMORANDUM OPINION**

Jeffery Olivera filed an appeal from his conviction for aggravated assault against a family member involving his use of a deadly weapon.[1] After Olivera filed his notice of appeal, the trial court appointed an attorney to represent him in the appeal. After the attorney the trial court appointed reviewed the record of the

_____

[1]*See* Tex. Penal Code Ann. § 22.02(b)(1).

1

proceedings in the trial court, he filed a brief in which he represents no arguable grounds exist to support the filing of a merits-based brief in Olivera's appeal.[2]

The brief contains a professional evaluation of the record. It also explains why, based on his review, no arguable issues exist to support a claim arguing the judgment the trial court entered should be reversed. The record reflects that Olivera's attorney sent Olivera a copy of the brief and explained how he could obtain the record of the proceedings in the trial court and then file a pro se response in his appeal. Subsequently, the Clerk of the Ninth Court of Appeals sent Olivera a copy of the District Clerk's Record and the Reporter's Records in the appeal. After Olivera reviewed them, he filed a response. In his response, Olivera argues (1) the evidence in the trial is insufficient to support the jury's verdict, (2) the attorney who represented him in his trial rendered ineffective assistance of counsel, and (3) the attorney who represented him in his trial failed to object when, in final argument, the prosecutor asked the jury to convict Olivera to protect the victim's children from Olivera by its verdict.

The proceedings in the trial court reflect that a grand jury indicted Olivera in January 2019 and charged him with committing an aggravated assault against a family member involving the defendant's use or exhibition of a deadly weapon, a knife. The indictment alleged that Olivera intentionally, knowingly, or recklessly

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).

injured the victim "by cutting her with a knife[.]" The indictment also alleges that Olivera and the victim were in a dating relationship when the assault occurred.[3]

The month before the trial commenced, Olivera elected to have the trial court assess his punishment should he be found guilty in the trial. In July 2019, the case went to trial. Olivera pleaded "not guilty" to the indictment shortly before the State called its first witness. At the conclusion of the guilt-innocence phase of the trial, the jury found him guilty of the allegations in the indictment. After that, the trial court discharged the jury and conducted a punishment hearing.

At the beginning of the punishment hearing, Olivera pleaded true to four enhancement paragraphs in his indictment. Five witnesses testified in the punishment phase of the trial. After hearing the punishment evidence and final argument, the trial court assessed a sentence of fifty-years confinement in the Texas Department of Criminal Justice Institutional Division.[4]

---

[3]*See* Tex. Penal Code Ann. § 22.02(b)(1); *see also* Tex. Fam. Code Ann. § 71.0021(b).

[4]Generally, aggravated assault is a second-degree felony and second-degree felonies have a punishment range of two to twenty years. Tex. Penal Code Ann. §§ 12.33(a), 22.02(b). But Olivera's indictment includes four enhancement paragraphs, which the State alleged to increase the punishment range that applies to second-degree felonies. When the punishment trial commenced, Olivera pleaded *true* to four enhancement allegations, increasing the punishment range in his case to a possible punishment of 99 years or life. *Id.* § 12.42(d).

After Olivera appealed, the attorney the trial court appointed to represent him on his appeal filed a brief presenting the attorney's professional evaluation of the record. In the brief, Olivera's attorney concludes that Olivera's appeal is frivolous.[5] After filing the brief, Olivera's attorney notified Olivera of his right to file a pro se response. Olivera then obtained the appellate record that is relevant to his appeal and filed a pro se response.

We have reviewed the record, Olivera's brief, and Olivera's pro se response. Based on this, we agree with Olivera's attorney that no arguable issues can be argued to support a merits-based argument being made in his appeal. Having determined that Olivera's appeal is frivolous, we also conclude he is not entitled to have another attorney appointed to represent him in his appeal.[6] Accordingly, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 8, 2021
Opinion Delivered April 21, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

_____

[5]*See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[6]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Olivera may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.